IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

**JOSEPH TERRANCE GRONDIN,**

    **Plaintiff,**

v.                                          Case No.:    6:13-cv-11095

**WOOD COUNTY PROSECUTORS OFFICE;**
et al.,

    **Defendants.**

## ORDER

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (ECF No. 57). Having considered same, the Court **DENIES** the motion. While the Court may, in its discretion, request an attorney to represent Plaintiff in this action, he has no constitutional right to counsel. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). The United States Court of Appeals for the Fourth Circuit has made it clear that the appointment of counsel in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975). Whether sufficiently remarkable circumstances exist depends upon the complexity of the claims and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir.1984); *see also Branch v. Cole,* 686 F.2d 264, 266. ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)). Here,

Plaintiff fails to present evidence or argument supporting the conclusion that his case meets the high threshold necessary for the appointment of *pro bono* counsel. To the contrary, Plaintiff primarily argues that counsel should be appointed because Plaintiff is overwhelmed with dispositive motions and has limited time and resources to respond to them. Unfortunately, these difficulties do not merit the appointment of counsel. The Court has examined the record and finds that the claims asserted by Plaintiff are straightforward, and he appears capable of presenting them at this time. Therefore, the circumstances do not justify the appointment of counsel.

Plaintiff also requested an extension of time in which to respond to the pending motions. Given the number of dispositive motions requiring memoranda in opposition, the Court finds good cause to grant Plaintiff an extension of time. Accordingly, it is hereby **ORDERED** that Plaintiff shall have through and including **October 31, 2013** in which to file responses to the Defendants' Motions to Dismiss and Motions for Summary Judgment. Defendants shall have **ten (10) days** after service of the responses in which to file reply memoranda. The Court will then determine if a hearing is necessary on some or all of the motions.

The Clerk is directed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED**: September 12, 2013.

Cheryl A. Eifert
United States Magistrate Judge